BUTTE HARDWARE COMPANY, respondent, *v.* SULLIVAN ET AL., appellants.

*A chattel mortgage decided to have been executed by the parties thereto as individuals, and not as copartners.* — In the case at bar, the mortgagors were described as "M. and P., partners under the firm name of Maxwell & Price, parties of the first, and H., B., S., D., and C., partners under the firm name of Hoge, Brownlee, & Co., parties of the second, part": held, that the mortgage was executed by individuals to individuals, and the recitals of the firm names were mere *descriptiones personarum.*

CHATTEL MORTGAGE. — *The affidavit required by section 1538, division 5, Compiled Statutes of Montana, to a chattel mortgage, must be complete in itself.* — In the case at bar, the affidavit to the chattel mortgage was subscribed by only one of the mortgagees, and contained no recital that he made oath in behalf of any one but himself: held, that, under the statute (sec. 1538, *supra*), the chattel mortgage cannot be looked to in order to support or explain the affidavit required by the statute, unless the former is referred to in the latter. *Leopold v. Silverman, ante,* p. 266, followed.

ID. — *Affidavit and chattel mortgage held insufficient and void under section 1538, supra.* — Held, that the affidavit above described was insufficient under the statute, and that consequently the chattel mortgage is void as to the plaintiff.

ID. — *The statutes concerning chattel mortgages are in derogation of the common law.* — Held, that statutes concerning chattel mortgages are in derogation of the common law, and should be strictly construed.

*Appeal from District Court, Silver Bow County.*

S. De Wolfe, for the appellants.

The language of the chattel-mortgage statute should receive a reasonable, and not a strained, construction, and the intention of the legislature should prevail, if that intention is obvious from the law itself. This rule of construction has been laid down by the legislature. Code Civ. Proc., sec. 613. The word "parties" which is used in the law may mean one or many persons, and this is the definition given by Bouvier of parties to deeds and other legal instruments. If we therefore consider the mortgagors as one party, and the mortgagees as the other party, an affidavit made by one person, being a mortgagor, and by another, being a mortgagee, would be an affidavit by both "parties," or by "all parties." Under a chattel-mortgage law in New Hampshire, "each mortgagor and mortgagee" were required to subscribe to an affidavit similar to the one required under our statute. The terms "each mortgagor and mortgagee" used in this statute are certainly more exact and definite than the words "all parties" used in our statute. Under this law, the supreme court of New Hampshire held that when partners were parties to a chattel mortgage, the affidavit required may be made and subscribed by any partner in behalf of the firm, and that this was sufficient. 20 N. H. 335, cited in Jones on Chattel Mortgages, sec. 37. The chattel-mortgage law expressly provides, in section 5, Laws of 1885, page 54, that before property mortgaged can be taken in execution or attachment in a suit against the mortgagor, the officer must first pay or tender to the mortgagee the debt and interest, or deposit the amount with the county treasurer. The agreed statement of facts admits that this was not done. The attachment of the plaintiff was consequently illegal and void, and created no lien on the property attached.

W. W. DIXON, for the respondent.

The chattel mortgage, the validity of which is here in question, was made to the mortgagees as individuals, but described them as partners. The mortgage was also made by the mortgagors as individuals, but also described them as partners. The language of the statute (Laws of 1881, p. 3, sec. 1) seems plain. It requires the affidavit of "all the parties," or in case "any party" is absent, of the agent or attorney of the absent party. If, as appellant claims, the statute intended the mortgagors to be considered as one party and the mortgagees as another party, it would have used the word "both" instead of "all," and the word "either" instead of "any." The case cited by appellant from 20 N. H. 335, will be found upon examination to really sustain respondent's view of this case. And see *Philips* v. *Johnson*, decided in the supreme court of New Hampshire in July, 1887, and reported in 10 Atl. Rep. 819; see also *Stone* v. *Marvel*, 45 N. H. 481. In the case at bar, the affidavit makes no reference to any recitals in the mortgage (except as to the amount of indebtedness). The affidavit should be certain and positive. A defect in the statement is not cured by conditions in the mortgage, unless reference to the mortgage is made in the statement. See *Blandy* v. *Benedict*, 42 Ohio St. 295. If the mortgage was invalid, no tender or deposit of the mortgage debt was required before plaintiff's attachment. The chattel-mortgage law must be strictly construed, and no provision of the law is to be neglected. *Crane* v. *Chandler*, 5 Col. 21; *Gassner* v. *Patterson*, 23 Cal. 299; *Dufficy* v. *Shields*, 63 Cal. 332; *Porter* v. *Dement*, 35 Ill. 478; *McDowell* v. *Stewart*, 83 Ill. 538. And the affidavit must comply with the statutes. *Nesbitt* v. *Worts*, 37 Ohio St. 378; and New Hampshire case in 10 Atl. Rep., above cited. And see *Stewart* v. *Platt*, 101 U. S. 731, which decides questions conclusive in this case.

McLEARY, J.   The only question involved in this case is the validity of a certain chattel mortgage executed by James Maxwell and William G. Price to William L. Hoge, M. B. Brownlee, F. E. Sargeant, R. C. Chambers, and Marcus Daly, upon certain property which was afterwards attached at the suit of the plaintiff, the Butte Hardware Company, and sold by the sheriff under the provisions of the chattel mortgage.   The court below held the mortgage void as to the plaintiff in this case, on account of defects in the affidavit attached thereto.   The affidavit reads as follows: —

"Territory of Montana, County of Silver Bow, *ss.*

"Malcolm B. Brownlee, William G. Price, and James Maxwell, the parties to the foregoing instrument, being duly sworn, each for himself says that the said instrument is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the mortgagor.

"W. G. PRICE.
"JAS. A. MAXWELL.
"MALCOLM B. BROWNLEE.

"Subscribed and sworn to before me this eighth day January, A. D. 1885.

[County Seal.]     "H. S. CLARK, County Clerk.
"By WILL L. CLARK, Deputy."

It is enacted by the statutes of Montana that, where personal property mortgaged remains in the hands of the mortgagor, it shall "be accompanied by an affidavit of all the parties thereto, or in case any party is absent, an affidavit of those present, and of the agent or attorney of such absent party, that the same is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the mortgagor, and be acknowledged and filed as hereinafter provided."   Comp. Stats. Mont., sec. 1538, p. 1068.

The question, then, is, whether or not the affidavit to the chattel mortgage complies with the law as laid down in the statute of this territory, as above quoted.   It will be observed, by reference to the chattel mortgage set out in the transcript, that the parties thereto are described as "William G. Price and James A. Maxwell, partners under the firm name of Maxwell & Price, parties of the first part, and William L. Hoge, Malcolm B. Brownlee, Francis E. Sargeant, Marcus Daly, and R. C. Chambers, partners under the firm name of Hoge, Brownlee, & Co., parties of the second part."   It is contended by the appellants that this recital of the parties is the same as if it had been stated that the firm of Maxwell & Price had made the chattel mortgage to the firm of Hoge, Brownlee, & Co.; but the respondent contends that the recital of the firm name is mere *descriptio personarum*, and that the mortgage was really made between the individuals composing the two different firms.   We clearly think that the position of the respondent in this regard is correct.   It was the individuals, and not the firms, who became parties to the chattel mortgage.

Taking this view of the instrument in regard to the parties, it is hardly necessary to notice the position taken by the appellants that the affidavit should be construed in connection with the mortgage itself.   But even if the mortgage had been made between the firms of Maxwell & Price on the one hand, and Hoge, Brownlee, & Co. on the other, still we could not go beyond the affidavit, and look to the mortgage itself to support or explain the affidavit, unless the mortgage had been referred to in the affidavit.   The affidavit must stand of its own strength, or fall of its own weakness.   *Leopold* v. *Silverman, ante,* p. 226 (decided at this term of the court); *Nesbit* v. *Worts,* 37 Ohio St. 382.   A defective statement contained in the affidavit could not be cured by allegations in the mortgage, unless reference is made to the mortgage in

the affidavit. *Blandy* v. *Benedict,* 42 Ohio St. 298. There is no reference to any allegations of the mortgage in this affidavit which could cure the defects therein, if any there be.

Then let us examine the affidavit itself and see whether it is sufficient. We are reminded that this statute concerning chattel mortgages is in derogation of the common law, and for that reason should be strictly construed. *Gassner* v. *Patterson,* 23 Cal. 301; *Porter* v. *Dement,* 35 Ill. 479. The statute requires the affidavit of "all the parties" to the mortgage, or in case that "any party" is absent, the affidavit of the agent or attorney of the absent party. To give the construction contended for by the appellants would be equivalent to saying that the legislature meant *both* parties instead of *all,* and *either* of the parties instead of *any.* We do not feel inclined thus to enlarge a statute of this kind; and even if it were allowable for one of the mortgagees to make the affidavit in behalf of himself and all the rest, still, in this case, Brownlee did not do so. But it is expressly alleged in the affidavit that the affiants make the affidavit each for himself; hence, as to the other mortgagees, there is no affidavit as required by the statute.

The affidavit in this case does not comply with the statute, for the reason that it is made by one only of five mortgagees. For this reason, we must hold that the mortgage was void as to the plaintiff in this case; and there being no error in the judgment, the same is affirmed.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.