BAKER ET AL., appellants, *v.* POWER ET AL., respondents.

*A chattel mortgage held void as to creditors by reason of the insufficiency of its affidavit.* — In the case at bar, the respondents, as judgment creditors, levied an execution upon certain property embraced in a chattel mortgage from one C. to appellants as a firm. The mortgage read simply to the firm of I. G. Baker & Co. The affidavit was subscribed by the mortgagor and one Charles E. Conrad, who was alleged in the complaint to be one of the mortgagees, and to have made his oath in behalf of his firm, but it failed to recite in what capacity said Conrad took the oath. *Held*, that, as to the respondents, the affidavit was insufficient, and the mortgage void, under section 1538, division 5, Compiled Statutes of Montana. *Leopold* v. *Silverman, ante,* p. 226, followed.

CHATTEL MORTGAGE. — *Extrinsic evidence is not admissible to explain an affidavit to a chattel mortgage.* — *Held,* in the case at bar, that the affidavit must stand of its own strength, or fall of its own weakness, and that it could not be aided by extrinsic proof. *Butte Hardware Co.* v. *Sullivan, ante,* p. 307, followed.

## Appeal from the District Court, Choteau County.

B. P. CARPENTER, and BUCK & HUNT, for the appellants.

Plaintiffs' complaint alleges that the mortgage was duly executed. The oath taken by Conrad was a substantial compliance with the requirements of the statute of 1881. See Acts of 1881, p. 3. There are but two parties regarded as distinct legal entities to the mortgage,— the mortgagor, Clark, and the mortgagees, a firm of copartners, I. G. Baker & Co.; and the failure of the notary to recite in his certificate that Conrad was a member of the firm, or made oath in behalf of the firm, or that he made oath in behalf of himself, and as agent for his absent copartners, should not forbid and exclude extrinsic proof that the law was complied with. The object of the legislature in requiring an affidavit from the mortgagee in a chattel mortgage was, that the retention of the chattels by the mortgagor shall be invested with an additional safeguard. Under the chattel-mortgage act of 1881, there is nothing that requires the officer before whom the affidavit is made to certify or recite in his certificate in what capacity the affiants are sworn.

H. G. & S. H. McIntire, for the respondents.

Section 1 of the act of 1881 prescribes how mortgages shall be executed so as to be valid as against others than the parties thereto. By it, the affidavit of all the parties to the mortgage, or in case any of them are absent, the affidavit of those present, and the agent or attorney of such absent party, is made essential. To be of any effect, the affidavit must show that affiant is one of the persons mentioned by the statute,—i. e., a party or agent,—and this fact must also be sworn to. *State* v. *Washoe Co.*, 5 Nev. 320, and cases cited; Drake on Attachment, 6th ed., sec. 93 b; 1 U. S. Digest, tit. Affidavit, p. 155, No. 82; *Wiley* v. *Aultman*, 53 Wis. 560; 3 U. S. Digest, 1883, p. 58, No. 6. Statutes prescribing the manner in which chattel mortgages shall be executed must be strictly complied with. The affidavit to a chattel mortgage is, in Montana, a condition precedent to its validity as against creditors of the mortgagor. Acts of 1881, p. 3, sec. 1; Jones on Chattel Mortgages, sec. 248; *Gassner* v. *Paterson*, 23 Cal. 361; *Cook* v. *Hager*, 3 Col. 386; *Lovell* v. *Osgood*, 60 N. H. 71. See also *Stewart* v. *Platt*, 101 U. S. 731; *Hanes* v. *Tiffany*, 25 Ohio St. 549. The act concerning chattel mortgages, being in derogation of the common law, must be strictly construed. *Cook* v. *Hager*, 3 Col. 389; *Crane* v. *Chander*, 5 Col. 21; *Porter* v. *Dement*, 35 Ill. 480. Unless the terms of the statute are complied with, a conveyance is not entitled to be recorded. The pretended record, therefore, of the mortgage under discussion, was a nullity, and imparted no notice to creditors of the mortgagor. Jones on Chattel Mortgages, sec. 248; *Hastings* v. *Vaughn*, 5 Cal. 319; *Selking* v. *Hebel*, 1 Mo. App. 340; *Meskimon* v. *Day*, 10 Pac. Rep. 16.

GALBRAITH, J. This was an action brought by the appellants, who were the mortgagees of one Clarke, to recover the value of certain property included in the

mortgage, alleged to have been seized upon execution by the respondent, McDevitt, as sheriff, at the instance of his co-respondents, and by him converted to their use.

The only question necessary for our consideration in this case is as to the validity of the affidavit made to the mortgage. If this is defective, as not being the affidavit required by the statute in relation to this subject, the mortgage itself is void as to the respondents. The affidavit to the mortgage is substantially the same as that in the case of *Butte Hardware Co.* v. *Sullivan, ante,* p. 307. The only distinction between that case and the one under consideration is, that in the former the mortgage was made to the individuals constituting the partnership, and describing them as partners under their firm name, while in the latter it is made only to the firm, in the firm name, viz., I. G. Baker & Co. The name of the person who, it is claimed, made and signed the affidavit in behalf of the firm of I. G. Baker & Co. is Charles E. Conrad. There is nothing in the affidavit and nothing in the mortgage, if recourse could be had thereto for explanation, to indicate that Conrad was a member of the firm of I. G. Baker & Co., or that the affidavit was made on behalf of the firm. The affidavit in this case is more defective, and subject to more objection, than the one in the case above cited; for it does not appear therefrom that the affidavit was signed by the mortgagees, or any of them, or by any one in their behalf. In the case above cited it was held that extrinsic evidence cannot be invoked to support or explain the affidavit. The language of the court in that case, in relation to this subject, is as follows: " But even if the mortgage had been made between the firms of Maxwell & Price on the one hand, and Hoge, Brownlee, & Co. on the other, still we could not go beyond the affidavit, and look to the mortgage itself to support or explain the affidavit, unless the mortgage had been referred to in the affidavit. The

affidavit must stand of its own strength, or fall of its own weakness." See also *Leopold* v. *Silverman, ante,* p. 266, also decided at this term of court. The principles enumerated in the foregoing cases decided at this term of court are applicable to the case at bar, so far as the affidavit to the mortgage is concerned, and are decisive of the question presented.

The judgment is affirmed, with costs.

*Judgment affirmed.*

MCLEARY, J., and BACH, J., concur.

B. P. CARPENTER and BUCK & HUNT, for the appellants.

H. G. & S. H. MCINTIRE, for the respondents.