MILBURN MANUFACTURING COMPANY, APPEL-
LANT, v. JOHNSON ET AL., RESPONDENTS.

CHATTEL MORTGAGE— *Omission of affidavit—Subsequent mortgage.* —A failure to
comply with the provision of section 1538, fifth division, Compiled Statutes,
which requires a chattel mortgage to be accompanied with an affidavit of the
parties thereto that such mortgage is made in good faith to secure the amount
named therein, and without any design to hinder or delay the creditors of the
mortgagor, renders such mortgage void as to a subsequent mortgagee, with
actual knowledge that the debt attempted to be secured by the prior mortgage
was a *bona fide* obligation, as such statute is in derogation of the common law
and must be strictly construed. (Cases of *Leopold* v. *Silverman*, 7 Mont. 266;
*Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307, affirmed.)

*Appeal from First Judicial District, Lewis and Clarke County.*

The judgment was rendered by HUNT, J.

*Cullen, Sanders & Shelton,* for Appellant.

The sole controversy in this case is whether a subsequent
mortgagee, having actual knowledge of all the facts and circum-
stances required to be set forth in the affidavit to be attached to
a chattel mortgage under our statutes, can take advantage of the
fact that the first mortgage is not accompanied by the affidavit
required by the statute, and secure priority for his subsequent
mortgage over the first. It is a conceded principle of law that
as between the parties themselves any mortgage is valid, no
matter how defective may be its form.

Under the Statute of Frauds, when the mortgagor remains in
possession of the mortgaged property, the mortgage is void as
to purchasers and creditors, unless there is an actual change of
possession. The Statute of Frauds, however, can be taken ad-
vantage of only by subsequent purchasers in good faith; there-
fore if the defendant Peltier was not a subsequent purchaser *in
good faith* he cannot take advantage of the defective affidavit
accompanying Johnson's mortgage; and as the Statute of Frauds
is the only ground upon which he can rely to defeat appellant's
mortgage, he must come within the provisions of this statute in
order to derive any advantage therefrom. " A chattel mortgage
vests the legal title to the property mortgaged in the mortgagee,
subject to be revested in the mortgagor upon the performance
of the conditions; and in case of breach of the conditions, the

title becomes absolute at law in the mortgagee. The title passes whether possession of the chattel mortgaged be delivered or not." (*Hackett* v. *Manlove*, 14 Cal. 85; *Heyland* v. *Badger*, 35 Cal. 404; *Berson* v. *Nunan*, 63 Cal. 550.) Therefore the question arises what evidence of good faith must there be in order to bind subsequent mortgagees. The statute provides that an affidavit of good faith shall be attached to the mortgage; but as we maintain, while this affidavit is *prima facie* evidence of good faith, binding upon subsequent mortgagees, still, if the subsequent mortgagee has actual notice and knowledge of the transaction, he cannot take advantage of the absence of such affidavit to obtain priority for his mortgage over the first mortgage. The statute of New Hampshire is in nearly the same language as the statute of Montana; and in *Gooding* v. *Riley*, 50 N. H. 400, this doctrine is sustained.

Jones on Chattel Mortgages, section 312, lays down the doctrine: "Notice to a subsequent purchaser or mortgagee, before the completion of the sale or mortgage of an unrecorded mortgage, is conclusive evidence of *mala fides* on his part, so that his title will be subject to the equitable rights of the holder of such unrecorded mortgage." Under this rule it does not matter that the prior mortgage, of which there is actual notice, is defective and voidable, as to *bona fide* purchasers. The notice charges the subsequent purchaser with knowledge of all the facts at that time existing relative to the mortgage, and he stands at best in no better position than his vendor, and cannot avoid the mortgage unless his vendor could. (*Roberts* v. *Crawford*, 58 N. H. 499; *Sanborn* v. *Robinson*, 54 N. H. 239; *Allen* v. *McCalla*, 25 Iowa, 464.) *Tiffany* v. *Warren*, 37 Barb. 571, is to the same effect; and in New York State the words "in good faith" is made use of after the words "subsequent purchasers," the same as in the statute of Montana. (*Gregory* v. *Thomas*, 20 Wend. 17; *Sanger* v. *Eastwood*, 19 Wend. 514. See, also, *Paine* v. *Mason*, 7 Ohio St. 198; *Day* v. *Munson*, 14 Ohio St. 488.) In Jones on Chattel Mortgages, section 38, the doctrine is laid down as follows: "A mortgage of chattels without the affidavit required by statute is valid against a subsequent purchaser, with notice that the mortgage was made in good faith, and for a full consideration." It will be observed upon an

examination of all the authorities that the courts have held that a mortgage without the affidavit, or with a defective affidavit, was void as against subsequent purchasers, etc., only go to this extent: That while actual knowledge of the mortgage was not sufficient to uphold the rights of the first mortgagee as against the second mortgagee, it is nowhere laid down; that when a mortgagee, claiming under a second mortgage, has actual knowledge of the good faith, and the full consideration of the first mortgage, he can take advantage of a defective affidavit to give his mortgage priority. The doctrine which we are seeking to establish in this case has been recognized by the courts of equity from the earliest period. (2 Pomeroy's Equity Jurisprudence, § 603.)

*Casey & Smith,* for Respondents.

It may be added, in addition to the undisputed statement of facts involved in this controversy, that there is no contest on the part of the appellant that the respondent, Robert Peltier, advanced the consideration of his mortgage from Johnson, and received this mortgage upon a valid, subsisting, and valuable consideration, relying, in the advancement of his money, upon the assured defective execution of the chattel mortgage of Johnson to the appellant. It is conceded that the mortgage from D. M. Johnson to Robert Peltier was properly executed and delivered, and moreover it is apparent that Robert Peltier was in possession of the mortgaged property by transfer from D. M. Johnson, and claiming an adverse possession predicated on his mortgage from Johnson, at the time of the commencement of this suit. When Robert Peltier examined the filings of the recorder and found no affidavit attached to the mortgage of appellant, he had a right to believe no affidavit could be made, at least it was not for him to speculate on its absence and reasons therefor. The statute makes no exceptions as to any one except the parties. The knowledge of Peltier of the existence of the first mortgage is a futile pretension for the defeat of his rights under his mortgage. (Jones on Chattel Mortgages, par. 314; *Bingham* v. *Jordan*, 1 Allen, 373; 79 Am. Dec. 748; *Travis* v. *Bishop*, 13 Met. 304; *Gassner* v. *Patterson*, 23 Cal. 299; *Sheldon* v. *Conner*, 48 Me. 584; *Rich* v. *Roberts*, 48 Me. 548; *Bevans* v. *Bolton*, 31

Mo. 437; *Pryson* v. *Penix*, 18 Mo. 13.) As to good faith in fact and in law see Jones on Chattel Mortgages, par. 315. The appellant asks the court at the end of its brief to sit in suppressive judgment on the wisdom of the legislature, to declare its requirements useless, and abolish the safeguards of an affidavit of good faith, which seems the only possible corrective against fraud in such transactions.

HARWOOD, J.—The sole question involved in this appeal will appear by a brief statement of facts: The defendant Johnson was indebted to the plaintiff, Milburn Manufacturing Company, in the sum of eleven hundred dollars, to secure the payment of which Johnson executed a mortgage upon a certain chattel; but the mortgage failed to conform to the requirements of the statute, in that the possession of the mortgaged chattel remained with the mortgagor, Johnson, according to a provision in the mortgage to that effect, and the mortgage was not "accompanied by an affidavit of all the parties thereto," either personally or by agent, "that the same was made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the mortgagor." (Comp. Stats. div. 5, § 1538, p. 1068.)

The defendant, Robert Peltier, also became a *bona fide* creditor of Johnson; and, knowing of Johnson's *bona fide* indebtedness to Milburn Manufacturing Company, and of said defective mortgage to that company, Peltier obtained to himself a valid mortgage on the same chattel to secure his demand, conforming to all the statutory requirements, and filed the same of record second in point of time to the first-mentioned mortgage.

On default of payment of said debt to Robert Peltier, he got possession of said chattel, and was about to apply the same, under the conditions of his mortgage, to the satisfaction of the debt owing to him, when the plaintiff, Milburn Manufacturing Company, brought this action to foreclose its mortgage, and recover possession of said chattel from Peltier. The trial court rendered judgment in favor of Peltier, and plaintiff appeals.

The question here involved is whether said first mortgage to Milburn Manufacturing Company is void as against Peltier, a subsequent mortgagee, by reason of the failure to accompany

the first mortgage with the required affidavit, when the subsequent mortgagee had notice or knowledge of the *bona fide* character of the first debt.

The learned counsel for appellant appeals to authorities which treat generally of equitable rights, and obligations arising by virtue of actual notice, to maintain the negative of the above question.   But we do not think the doctrine can apply so as to control the question at issue.

The statute provides that "no mortgage of goods, chattels, or personal property shall be valid, as against the rights and interests of any other person than the parties thereto, unless the possession of such goods, chattels, or personal property be delivered to and retained by the mortgagee, or the mortgage provide that the property may remain in the possession of the mortgagor, and be accompanied by an affidavit of all the parties thereto, or, in case any party is absent, an affidavit of those present, and of the agent or attorney of such absent party, that that the same is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the mortgagor, and be acknowledged and filed as hereinafter provided."

This statute, providing a method by which a creditor may acquire a special lien on the debtor's personal property while the possession remains with the debtor, is in derogation of the common law, and it must be strictly construed, under a well-established rule of construction.   The same is the doctrine declared in *Leopold* v. *Silverman*, 7 Mont. 266; *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307.

All *bona fide* creditors stand on an equality before the law in respect to enforcing payment of debts, unless this equality is varied by a provision of law giving a special lien, or enabling one to acquire a special lien by complying with the provisions of law.   If one attempting to create a special lien in his favor, or to take advantage of one provided by law, fails to comply with the provisions of the law governing, then such creditor falls back into the common line occupied by other general creditors, and cannot invoke the rules or doctrine of equity to avoid this result.   Such is the case with mechanics' liens, for example. Suppose one mechanic or material man, knowing fully of the

*bona fide* character of his predecessor's claim, perfects a lien which he asserts as against one filed by his predecessor after limitation had run, or without verification, or otherwise failing to comply with the statute. Is the latter, because he had knowledge of the good faith of his predecessor's claim, estopped from contesting his lien? The debtor himself could object to the lien for failure to comply with the statute provided for it, and who would know better of the *bona fide* character of the obligation?

It is an arbitrary provision of law·which enables one creditor, in preference to another, to take and hold a special lien on the personal property of his debtor, leaving the possession with the debtor; and that law demands a compliance with its terms. The first declaration of the statute in reference to chattel mortgages is that "no mortgage of goods, chattels, or personal property shall be valid, as against the rights and interests of any other person than the parties thereto, unless," etc. We regard this requirement of an affidavit of, or on behalf of, all the parties to a chattel mortgage as a condition going to the validity of the mortgage, which the law demands, independent of the question as to notice or knowledge of any person other than the parties, that the debt intended to be secured was in fact a *bona fide* obligation.

In the cases of *Leopold* v. *Silverman*, 7 Mont. 266; *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307, and *Baker* v. *Power*, 7 Mont. 326, it has been decided by this court that the failure to comply with the provisions of the statute in making the required affidavit is fatal to the mortgage. The only distinction between those cases and the one at bar is that in the latter case there was actual knowledge on the part of the second mortgagee that the debt attempted to be secured by the first was a *bona fide* obligation. We hold that such knowledge would not change the rule laid down in those cases. (*Hanes* v. *Tiffany*, 25 Ohio St. 549; *Belknap* v. *Wendell*, 31 N. H. 92; *Parker* v. *Morrison*, 46 N. H. 280; Jones on Chattel Mortgages, § 36.)

Judgment affirmed.

Blake, C. J., and De Witt, J., concur.