## MARCUM ET AL., APPELLANTS, *v.* COLEMAN ET AL., RESPONDENTS.

CHATTEL MORTGAGE—*Sufficiency of affidavit of good faith.*—An affidavit to a chattel mortgage must be complete in itself as to the facts required by section 1538, fifth division, Compiled Statutes, and its terms cannot be aided by reference to the mortgage, but it may be compared with the mortgage to ascertain if all the parties joined in making it. (*Butte Hardware Co.* v. *Sullivan,* 7 Mont. 307; *Leopold* v. *Silverman,* 7 Mont. 266; *Baker* v. *Power,* 7 Mont. 326, approved.)

SAME—*Description of parties in affidavit to chattel mortgage.*—In the case at bar the mortgagees were described both in the mortgage and affidavit as "Marcum and Lennon." The officer taking the affidavit certified therein that "S. W. and M. & L. the parties to the foregoing chattel mortgage, being severally duly sworn, each for himself, says," etc. *Held,* that the certificate could not be construed to mean that only one of the latter parties took the oath required by section 1538, fifth division, Compiled Statutes, providing that the mortgage shall be accompanied by an affidavit of "all the parties thereto," and the affidavit was sufficient.

*Appeal from Third Judicial District, Deer Lodge County.*

Claim and delivery. Judgment was rendered for the defendants by DURFEE, J.

*William J. Galbraith,* for Appellants

A full compliance with the statute is shown; the affidavit being made, as is required, by all the parties to the mortgage. (Comp. Stats. p. 1068, fifth div. Gen. Laws, § 1538.) It may be claimed, however, that the affidavit being subscribed in the partnership name, it purports to be made by the partnership as such, and that it is impossible for a partnership to make an affidavit.

But in the absence of any showing in the record to the contrary, where, as in this case, the certificate of the justice recites that "the parties to the foregoing chattel mortgage, being severally sworn, each for himself, says," the presumption will be that all the parties appeared before the magistrate and made the affidavit.

This court has also frequently held that it will not look to evidence outside the affidavit to support or contradict it, except where the mortgage is referred to in the affidavit. This is done in this case. The mortgage recites that it is made "between Samuel Ward, party of the first part, and Marcum and Lennon, the parties of the second part;" and "Marcum and Lennon" are referred to throughout the entire mortgage as "the parties," and not the party thereto.

The certificate of the magistrate asserts that each party was severally sworn. The partnership, *as such,* could not be sworn. The court must, therefore, presume that "Marcum and Lennon," the *parties* of the second part, appeared in their personal capacity and made the affidavit.

The affidavit need not be signed by the party making it; and where the magistrate makes such a certificate, although subscribed, as it is in this case, the presumption must be that both of the second parties to the mortgage appeared and made the affidavit. It is the law, and our legislature has provided, in substance, that statutes such as the one in question should receive a reasonable and not a strained construction; and that such an interpretation in doubtful questions should be given to their provisions as will give them effect, rather than one which renders them ineffectual. (First div. Comp. Stats. §§ 630, 631.) The court must certainly presume, from the certificate, that

some one of "the parties of the second part" was sworn to the affidavit; and if so, we claim that this was sufficient to render the mortgage valid as against creditors.

In this case the mortgage is to the partnership, and it cannot be said, as in the case of the *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307, that it was made to the individuals constituting the partnership, and not to the partnership itself. The presumption must be that both Marcum and Lennon were sworn to the affidavit. The presumption is stronger from the language of the certificate that both, rather than one, was sworn; for the court cannot presume that it was one rather than the other, and consequently it must be that it was both. The following authorities are cited in support of these views: Jones on Chattel Mortgages, § 37, notes 1, 2; *Randall* v. *Baker*, 20 N. H. 335; *Sumner* v. *Dalton*, 58 N. H. 295; *Leopold* v. *Silverman*, 7 Mont. 266; *Butte Hardware Co.* v. *Sullivan*, *supra*; *Baker* v. *Power*, 7 Mont. 326; *Donnelly* v. *Elser*, 69 Tex. 282; *Ede* v. *Johnson*, 15 Cal. 53.

*Dixon & Drennen*, for Respondents.

The designation "Marcum and Lennon" in the mortgage and the affidavit was a designation of a partnership and not of two individuals composing it. Counsel for appellants says in his brief that a partnership, as such, could not be sworn. This is true and it is for this very reason that the affidavit in question does not comply with the statute. It is attempted to be made by a partnership and in the partnership name. Counsel insists, however, that the presumption is that both members of the firm took the oath. There is nothing to show this. A good test of the sufficiency of this affidavit would be to decide if an indictment for perjury against appellants could be supported upon it in case it was false. It certainly could not against the partnership, for a partnership, as such, could not commit perjury. If against either one of the partners could he not show that he, himself, never made the affidavit? It would be entirely consistent with the affidavit to show this. It would not contradict it. If this is so the affidavit is worthless. Of the authorities cited by appellants, Jones on Chattel Mortgages is based solely on the case in 20 N. H. 335, and this case, even if it is applica-

ble here, is the only one that at all supports appellants' position. The Texas case and the California case cited are not in point. The other cases cited from the Montana Reports are the same relied upon by respondents here. Respondents refer to *Stone* v. *Marvel*, 45 N. H. 481; *Phillips* v. *Johnson*, 64 N. H. 393, as bearing to some extent upon the other New Hampshire cases. But respondents rely mainly upon the decisions of this court in *Leopold* v. *Silverman*, 7 Mont. 266; *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307; *Baker* v. *Power*, 7 Mont. 326. These are decisions of the territorial Supreme Court, and are approved and followed by this court in *Milburn Manuf. Co.* v. *Johnson*, 9 Mont. 537. Respondents also refer to the brief for respondent in the case of *Butte Hardware Co.* v. *Sullivan, supra*. This court has consistently and rightfully held to the doctrine that the statute must be strictly complied with and should continue so to do. It is the only safe rule.

HARWOOD, J. — This is an action of claim and delivery for the recovery of the possession of sixty-five head of horses, described in the complaint. At the time of the alleged wrongful taking complained of, the defendant Lew Coleman was the sheriff of Deer Lodge County, and defendant, James Johnson was his deputy. As shown by the record, the possession of said property was taken by said sheriff and his deputy under certain valid writs of attachment and execution duly issued in certain actions at law by two creditors of Samuel Ward to recover payment of debts. The plaintiffs in this action base their claims to the possession of said property upon a chattel mortgage, executed and delivered to them by said Samuel Ward, prior to the levy under said writs. All the facts involved in this action are made certain by a concise statement of facts agreed upon with reference to the pleadings, and the point of controversy submitted to the court for determination is concisely expressed in said agreed statement. We quote therefrom: "The validity of plaintiffs' mortgage is not disputed, except as to the sufficiency of the affidavit thereto, and the fact of defendants being officers, etc., and of the regularity of the process under which they levied upon the property in controversy, is not disputed. The question of law submitted

to the court upon which it is agreed that the case may be decided is whether or not the affidavit of good faith, etc., made to the plaintiffs' chattel mortgage, as shown by the copy thereof attached to the complaint, is sufficient to comply with the laws of Montana Territory in force when said mortgage was made, and to make said chattel mortgage good and valid as against the rights of the creditors of the mortgagor, where the possession of the property remained with the mortgagor after the execution of the mortgage."

The statement of facts shows that Samuel Ward executed to Marcum and Lennon, about the twelfth day of September, 1887, the chattel mortgage in question, and "that at and before the date of the execution of said chattel mortgage the plaintiffs herein were partners doing business under the firm name and style of Marcum and Lennon."

The affidavit in question reads as follows:—

"TERRITORY OF MONTANA, } ss.
COUNTY OF DEER LODGE. }

"Samuel Ward and Marcum and Lennon, the parties to the foregoing chattel mortgage, being severally and duly sworn each for himself, says: That the said chattel mortgage is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the said mortgagor.

(Signed)                          "SAMUEL WARD.

                                  "MARCUM & LENNON.

"Subscribed and sworn to before me this twelfth day of September, A. D. 1887.

                  "T. B. MANNIX, Justice of the Peace."

The statute requiring a chattel mortgage to be accompanied by an affidavit provides as follows: "No mortgage of goods, chattels, or personal property shall be valid as against the rights and interests of any other person than the parties thereto, unless the possession of such goods, chattels, and personal property be delivered to and retained by the mortgagee, or the mortgage provide that the property may remain in the possession of the mortgagor, and be accompanied by an affidavit of all the parties thereto, or, in case any party is absent, an affidavit of those present, and of the agent or attorney of such absent party, that the same is made in good faith to secure the amount named

therein, and without any design to hinder or delay the creditors of the mortgagor, and be acknowledged and filed as hereinafter provided." (§ 1538, Comp. Stats.)

Turning to the mortgage in question to find who the "parties thereto" are, we find that the instrument recites as follows: "This indenture, made the twelfth day of September, 1887, in the year of our Lord one thousand eight hundred and eighty-seven, between Samuel Ward, first part, of Helmville, Mont., and Marcum and Lennon of the second part." We further notice, by a careful examination of the mortgage, that throughout the instrument wherever the mortgagees are referred to, except in one instance, they are termed the "parties of the second part."

It is insisted by counsel for respondents that the combination of names, "Marcum and Lennon," appearing in the mortgage, and in the affidavit thereto, is the designation of the partnership firm of Marcum and Lennon, and hence the affidavit does not show that all the parties to the mortgage joined in the affidavit in person, if present, or if absent, by agent. In the case of *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307, McLeary, J., in delivering the opinion of the court, says: "But even if the mortgage had been made between the firms of Maxwell and Price on the one hand, and Hoge, Brownlee and Company on the other, still, we could not go beyond the affidavit and look to the mortgage itself to support or explain the affidavit, unless the mortgage had been referred to in the affidavit. The affidavit must stand of its own strength, or fall of its own weakness." The case of *Leopold* v. *Silverman*, 7 Mont. 266, is referred to as authority for that declaration, and again, in the case of *Baker* v. *Power*, 7 Mont. 326, the same language is quoted with approval. We approve that proposition as based upon sound reason. The affidavit is the verifying condition required by statute to accompany the mortgage, where possession of the chattels is left with the mortgagor, and must be made by all the parties thereto, either in person or by agent, and must show, under the sanction of an oath, the required facts independently of the mortgage. In that sense the affidavit alone will be weighed, and found sufficient or wanting according to its own terms. The language above quoted from *Butte Hardware Co.* v. *Sullivan* must have

been used in that sense, and is not to be construed to deny a comparison of the affidavit with the mortgage to find whether "all the parties" to the mortgage join in making the required affidavit either in person, if present, or by agent, if absent. This is conclusively shown by an examination of the case, where the language quoted was used, *supra,* for we find the learned judge saying: "It will be observed by reference to the chattel mortgage set out in the transcript that the parties thereto are described as William T. Price and James A. Maxwell, partners under the firm name of Maxwell and Price, parties of the first part, and William L. Hoge, Malcolm B. Brownlee, Francis E. Sargeant, Marcus Daly, and R. C. Chambers, partners under the firm name of Hoge, Brownlee and Company, parties of the second part."

Looking to the mortgage in the case at bar, and to the affidavit accompanying it, we find in neither any reference to the fact that a copartnership firm, under the name and style of Marcum and Lennon, is in existence. In the mortgage the name of Samuel Ward is stated as the first party, and Marcum and Lennon as the parties of the second part. In the affidavit it is recited that "Samuel Ward and Marcum and Lennon, the parties to the foregoing chattel mortgage, being severally duly sworn, each for himself, says." We must look to evidence *aliunde* these two instruments to explain the fact that a partnership exists between the parties of the second part to said mortgage of the name and style of "Marcum and Lennon." That would clearly be contrary to the doctrine held in the cases above cited and quoted from. Under these decisions then, in determining the sufficiency or insufficiency of said affidavits, we must discard the fact that a firm existed composed of the plaintiffs under the firm name of Marcum and Lennon, because that fact does not appear in describing the parties of the second part in the mortgage or in the affidavit.

The affidavit in question is attacked on the ground that the names "Marcum and Lennon" set forth in the affidavit is the name of a copartnership firm, composed of the mortgagees, and that a copartnership existence cannot take an oath any more than a corporation, as a corporate existence, could appear before an officer, and be sworn. But if we dismiss from consideration

the fact that such a copartnership existed, the argument against the sufficiency of said affidavit based on that ground cannot apply. It is admitted that the mortgage in question is valid in all respects, except as to the legal sufficiency of the affidavit accompanying it. The mortgage, as we have seen, describes the mortgagees as "Marcum and Lennon," without reference to the fact that that combination of names represented a copartnership. The magistrate certifies in the affidavit that "Samuel Ward and Marcum and Lennon, the parties to the foregoing chattel mortgage, being severally duly sworn, each for himself, says," etc. In passing upon this affidavit, under the rules of construction laid down in sections 629 to 634, inclusive, first division, Compiled Statutes, and in the cases cited, *supra,* it does not seem reasonable to us to hold that where the justice certified that "Samuel Ward and Marcum and Lennon," the same parties named in the mortgage as the party of the first part and the parties of the second part, "being duly sworn, each for himself, says," should be construed to mean that only one of the latter parties appeared to take the oath, or that only one appeared, and he undertook to swear for the two, or that only one appeared and he undertook to swear for a copartnership firm, which is not mentioned either in the affidavit or mortgage. Such a construction we believe would be contrary to the reasonable import of the language used by the magistrate in certifying the affidavit. We therefore hold that the affidavit is sufficient.

The construction placed upon the affidavit in the case at bar is supported by the case of *Randall* v. *Baker,* 20 N. H. 335. The facts involved in that case, as well as the law requiring the affidavit, are very much like the facts in the case at bar and the statute governing.

The order denying plaintiffs' motion for a new trial is reversed, and judgment in favor of defendants is hereby set aside, and said action is remanded for further proceedings in conformity to the stipulations of parties, and the views herein expressed.

BLAKE, C. J., and DE WITT, J., concur.